**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIARA WILLIAMS,

Plaintiff,

Case No. 2:23-cv-13313

v.

Hon. Brandy R. McMillion
United States District Judge

MASTRONARDI PRODUCE-USA, INC.,

Defendant.
_________________________________/

**OPINION AND ORDER GRANTING DEFENDANT'S SUCCESSIVE MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF'S CLAIMS FOR "GENDER/SEXUAL" DISCRIMINATION UNDER TITLE VII AND ELCRA (ECF NO. 50-3)**

Plaintiff Tiara Williams ("Williams" or "Plaintiff") initiated this employment action against her former employer, Mastronardi Produce-USA, Inc. ("Mastronardi" or "Defendant"), for claims of harassment, discrimination, retaliation, and hostile work environment pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Michigan Elliott-Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq*. ("ELCRA"). The Court previously entered an Order Granting in Part and Denying in Part Mastronardi's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a). *See* ECF No. 48. The Court granted summary judgment in favor of Mastronardi on Williams' racial discrimination claim, but denied summary judgment on the retaliation, hostile work environment, and sexual harassment claims. *Id.* at PageID.1517-1518. The Court also found that

because Mastronardi failed to raise or address Williams' gender-based discrimination claims, summary judgment was not appropriate on those claims. *Id.* Subsequent to the Court's ruling, Mastronardi moved to file a successive motion for summary judgment as to the gender-based discrimination claims. *See* ECF No. 50. The Court granted that request, and the instant motion followed. *See* ECF Nos. 54, 50-3.

Defendant's Successive Motion for Summary Judgment of Plaintiff's Claims for "Gender/Sexual" Discrimination under Title VII and ELCRA (ECF No. 50-3) has been fully briefed, so the Court will rule based on the record before it in lieu of holding a hearing. *See* ECF Nos. 55, 56; E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, Mastronardi's Motion is **GRANTED**.

## I.

The Court incorporates the recitation of facts in the original order on the motion for summary judgment. *See* ECF No. 48, PageID.1476-1490. Those facts resulted in Williams filing this employment discrimination suit in December 2023 and later amending her Complaint in June 2024. ECF Nos. 1, 22. Included in her Amended Complaint were nine counts – (Count I) Racial Discrimination in violation of 42 U.S.C. § 1981; (Count II) Harassment & Discrimination on the Basis of Race in violation of Title VII; (Count III) Discrimination on the Basis of Race in violation of ELCRA; (Count IV) Retaliation in violation of Title VII; (Count V) Retaliation

in violation of ELCRA (Gender/Sexual Harassment); (Count VI) Retaliation in violation of ELCRA (Race); (Count VII) Gender/Sexual Harassment/Discrimination in violation of Title VII; (Count VIII) Gender/Sexual Harassment/Discrimination in violation of ELCRA; and (Count IX) Hostile Workplace Environment in violation of ELCRA.

As the Court previously noted, Count VII and VIII appeared to allege claims for both gender discrimination and sexual harassment, in the alternative, under both Title VII and ELCRA. *See* ECF No. 48, PageID.1505 (citing ECF No. 22, PageID.151, 153). However, Mastronardi's original motion for summary judgment addressed only the claims of sexual harassment. *Id.* (citing ECF No. 40, PageID.480 n.3). The Court has now granted Mastronardi leave to file a successive summary judgment motion on William's alternative gender discrimination claims. ECF No. 54.

**II.**

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating the motion, the Court must determine "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Johnson v. Memphis*

*Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

"To survive summary judgment, the nonmoving party 'must present significant probative evidence' putting the material facts in doubt." *Walden v. GE Int'l, Inc.*, 119 F.4th 1049, 1057 (6th Cir. 2024) (quoting *Green Genie, Inc. v. City of Detroit, Mich.*, 63 F.4th 521, 526 (6th Cir. 2023)). The "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to survive a motion for summary judgment. *Anderson*, 477 U.S. at 252.

When evaluating discrimination and retaliation claims at summary judgment, which are based on indirect evidence, the Court applies the *McDonald Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Redlin v. Gross Pointe Pub. Sch. Sys.*, 921 F.3d 599, 606-07, 613 (6th Cir. 2019) (citations omitted); *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 908 (6th Cir. 2009) ("ELCRA plaintiff also may rely on the indirect, burden-shifting approach sanctioned in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)."). Under

this framework, Williams must first establish a *prima facie* case of the claim. *See George v. Youngstown State Univ.*, 966 F.3d 446, 459 (6th Cir. 2020); *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014). If the *prima facie* case is shown, the burden then shifts to Mastronardi to "articulate some legitimate, non-discriminatory or retaliatory reason for their actions." *George*, 966 F.3d at 459. If satisfied, the burden then shifts back to Williams to show the articulated reason is pretextual. *Laster*, 746 F.3d at 730.

"Although the burden of production shifts between the parties, the plaintiff bears the burden of persuasion through the process." *Laster*, 746 F.3d at 730 (citing *Dixon v. Gonzales*, 481 F.3d 324, 333 (6th Cir. 2007)). And the Court's duty is to "not allow 'this burden-shifting analysis to obfuscate the appropriate question—whether there exists a genuine issue of material fact.'" *See Jackson v. VHS Detroit Receiving Hops., Inc.*, 814 F.3d 769, 776 (6th Cir. 2016) ("*VHS Detroit*") (citing *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 813 (6th Cir. 2011); *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 661 (6th Cir. 2000)).

**III.**

Under Counts VII and VIII, Williams appears to allege her gender also served as a basis for Mastronardi's acts of discrimination in violation of Title VII and ELCRA. *See* ECF No. 22, PageID.151-154. She does so with indirect evidence which requires the Court to apply the familiar *McDonnell Douglas* burden shifting

framework to her claims. 411 U.S. at 802-06. To prove a *prima facie* case of gender discrimination, Williams must show: (1) she is a woman, (2) she suffered an adverse employment action, (3) she was qualified for the employment position, and (4) she was treated less favorably than a similarly situated male employee or was replaced by a male employee. *Haynes v. Clariant Plastics & Coatings USA, Inc.*, 144 F.4th 850, 858 (6th Cir. 2025) (citing *Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir. 2014)).

Mastronardi asserts that Williams' *prima facie* case fails because she has not identified a similarly situated male comparator that was similar in all relevant aspects, engaged in the same conduct, and treated more favorably. ECF No. 50-3, PageID.1561, 1564-1565. Mastronardi points to the Court's previous order granting summary judgment on Williams' race discrimination claims based on the same failure to identify a comparator. *Id.* at PageID.1565 (citing ECF No. 48, PageID.1495-1495). Williams argues that comparator evidence "is not the exclusive means of proving discrimination" and "is not required in every case." ECF No. 55, PageID.1683. Instead, Williams asserts she is only required to present evidence which "permits a reasonable inference that an adverse action occurred because of plaintiff's protected characteristics." *Id.* (citing *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 776-78 (6th Cir. 2016)). The Court disagrees with Williams.

As argued by Defendants, *Jackson* does not stand for the proposition that Plaintiff need not identify a similarly situated comparator. *See* ECF No. 56, PageID.1692. To the contrary, *Jackson* states the four elements required to establish a *prima facie* case of sex discrimination – including element (4) a similarly situated non-protected employee that was treated more favorably. *Jackson*, 814 F.3d at 776. The Sixth Circuit goes on to identify factors to consider in evaluating where a comparator is similarly situated for the purpose of establishing a *prima facie* case. *Id.* at 777. Providing a similarly situated non-protected employee is a fundamental principal in discrimination cases.

Plaintiff's attempts to identify evidence of gender-based discriminatory inferences (*e.g.*, being required to continue interactions with Phillips despite reporting rejecting his advances, Jackson's statements about rejection of advancements will result in retaliation and adverse treatment, and Phillips' conduct as part of a broader sex-based pattern rather than an isolated personality conflict or neutral attendance issue) fail to foster a genuine issue of material fact as to her ability to establish a *prima facie* case of sex discrimination. *See* ECF No. 55, PageID.1685-1686. Having failed to meet her burden of establishing a *prima facie* case, the Court need not advance in the *McDonnell Douglas* analysis.

Even when viewing these facts in the light most favorable to Williams, she still fails to establish the elements necessary to prove a *prima facie case* of

gender/sex discrimination. Plaintiff has not identified a similarly situated male employee that was treated more favorably. To the extent that Williams argues that her comparator does not have to be similar in "every conceivable respect and that courts must avoid applying an overly rigid comparator analysis," ECF No. 55, PageID.1683 (citing *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)), she still has failed to identify any comparator that would be similarly situated.[1] Consequently, Counts VII and VIII fail as a matter of law.[2]

## IV.

For these reasons, Mastronardi's Successive Motion for Summary Judgment of Plaintiff's Claims for "Gender/Sexual" Discrimination under Title VII and ELCRA (ECF No. 50-3) is **GRANTED**.

Accordingly, **IT IS HEREBY ORDERED** that Counts VII and VIII of the Amended Complaint (ECF No. 22) are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: August 7, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge

---

[1] To the extent Plaintiff attempts to argue that she has identified Billy Peterson – for all the reasons the Court held in its original order granting summary judgment on the race discrimination claim, Peterson is not a similarly situated, non-protected employee, as required to make a *prima facie* case of discrimination. *See* ECF No. 48, PageID.1494-1496.

[2] Claims of gender/sexual discrimination under ELCRA mirror those under Title VII and therefore Count VIII fails for the same reasons as Count VII. *See Redlin v. Gross Point Pub. Sch. Sys.*, 921 F.3d 599, 606 (6th Cir. 2019).