**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIARA WILLIAMS,

Plaintiff, Case No. 2:23-cv-13313

v.

Hon. Brandy R. McMillion
United States District Judge

MASTRONARDI PRODUCE-USA, INC.,

Defendant.
______________________________________/

**ORDER ON PENDING MOTIONS IN LIMINE (ECF NOS. 61, 62, 63, 64, 66)**

On October 13, 2026, this Court held a Final Pretrial Conference in this matter and ruled from the bench on several of the parties' pending Motions in Limine (ECF Nos. 61, 62, 63, 64, 66.) For the reasons stated on the record:

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine to Exclude Any Evidence, Including Any and All Lay Witness Testimony or Reference Whatsoever Regarding the Financial Position of Mastronardi Produce-USA or its Parent Company (ECF No. 61) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Limit Plaintiff's Economic Damages and to Admit Evidence of Plaintiff's Misconduct and Termination from Previous and Subsequent Employment (ECF No. 62) is **GRANTED IN PART AND DENIED IN PART**, subject to strict limitations.

Defendants are **PROHIBITED** from admitting evidence of Plaintiff's misconduct and termination from her employment at Autokiniton, including evidence about Plaintiff's lawsuit against Autokiniton. Defendant is **NOT PROHIBITED** from eliciting testimony about Plaintiff's employment subsequent to her termination from Mastronardi to the extent that this testimony pertains to her efforts to mitigate damages. However, Defendant is **PROHIBITED** from stating or pursuing a line of questioning about whether that Plaintiff was terminated from jobs she held subsequent to her termination at Mastronardi.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Any Reference to Diamond Williams in D_000163-D000167, as Identified in Plaintiff's Pretrial Disclosures as "HR Email and Investigation Materials Concerning Plaintiff's Complaints," and "Kara Yeager's Notes Regarding Plaintiff's Complaint and Investigation Interviews" on Defendant's Pretrial Disclosures ("Investigation Notes") (ECF No. 63) is **GRANTED**. Plaintiff is **PROHIBITED** from including references to Diamond Williams in the Investigation Notes. However, Plaintiff is **PERMITTED** to use the Investigation Notes that refer specifically to Plaintiff. The parties shall meet and confer on or before **October 20, 2026** to determine whether any amendments are needed to the redacted Investigation Notes that were proposed by Defendant. *See* ECF No. 63-2.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Text Messages and Digital Data Produced by Plaintiff During Discovery (ECF No. 64) is **DENIED**, subject to some limitations. Plaintiff must identify the specific audio excerpts she plans to use in her case in chief and provide them to Defendant no later than **October 20, 2026**. Plaintiff is **NOT PROHIBITED** from using excerpts of the video for impeachment purposes.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine (Omnibus) (ECF No. 66) is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED IN PART AND DENIED IN PART** as to the exclusion of evidence concerning prior or subsequent employment terminations, discipline, alleged misconduct, separation reasons, complaints, or lawsuits, except for limited mitigation evidence.[1] ECF No. 66, PageID.1950. The motion is **GRANTED** as to the exclusion of discussion of dismissed claims or summary judgment rulings to suggest that Plaintiff's remaining sexual harassment theories lack merit. *Id.* at PageID.1952. The motion is **DENIED WITHOUT PREJUDICE** as to the exclusion of race-related workplace evidence that is intertwined with the remaining sexual harassment theories.[2] *Id.* at PageID.1953. The motion is **DENIED**

---

[1] The Court finds that this subpart of Plaintiff's Motion is substantially similar to ECF No. 62, which is Defendant's Motion in Limine to Limit Plaintiff's Economic Damages and to Admit Evidence of Plaintiff's Misconduct and Termination from Previous and Subsequent Employment, which was likewise **GRANTED IN PART AND DENIED IN PART**.

[2] The Court will address these issues as they arise at trial on a case-by-case basis.

**WITHOUT PREJUDICE** as to the exclusion of reference to other lawsuits, EEOC charges, administrative claims, or family member claims without prior leave of court.[3] *Id.* at PageID.1955. The motion is **GRANTED** as to the exclusion of discussion of discovery disputes, counsel conduct, and alleged discovery deficiencies. *Id.* at PageID.1956. The motion is **GRANTED** as to the exclusion of arguments that medical treatment, counseling, therapy, medication, or expert testimony are required for plaintiff to recover emotional damages. *Id.* at PageID.1957.

The Court will rule separately on Defendant's Motion in Limine to Exclude Evidence Described as "Black Girl" Video (ECF No. 65) in advance of trial.

**IT IS SO ORDERED.**

Dated: October 14, 2026
Detroit, Michigan

s/Brandy R. McMillion
BRANDY R. MCMILLION
United States District Judge

[3] The Court will address these issues as they arise at trial on a case-by-case basis.