**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIARA WILLIAMS,

Plaintiff,

Case No. 2:23-cv-13313

v.

Hon. Brandy R. McMillion
United States District Judge

MASTRONARDI PRODUCE-USA, INC.,

Defendant.
______________________________________/

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION (ECF NO. 87)**

Before the Court is Defendant's Motion for Reconsideration, ECF No. 87. On October 13, 2026, this Court held a Final Pretrial Conference in this matter and ruled from the bench on several of the parties' pending Motions in Limine (ECF Nos. 61, 62, 63, 64, 66). The Court issued a subsequent order to memorialize the rulings from the bench (ECF No. 86). Defendant then filed the instant Motion. After having reviewed Defendant's Motion for Reconsideration pursuant to Local Rule 7.1(h)(2) and the record from the hearing, the Motion for Reconsideration is **GRANTED**.

Consistent with the Court's ruling on the record, Defendant's Motion in Limine docketed at ECF No. 62 is **GRANTED IN PART AND DENIED IN**

**PART**. The Court **GRANTS** Defendant's request to challenge the causation of Plaintiff's claimed emotional distress damages. The Court will allow Defendant to cross-examine Plaintiff on the emotional distress attributable to her former employer, Autokiniton, for the limited purpose of assessing causation and apportionment of emotional-distress damages. However, the Court reserves the right to see how this evidence is coming in at trial and cautions Defendant that questions regarding Autokiniton should be narrowly tailored to only address the issue of causation, so as to avoid mini-trials on issues that are not properly before the jury, and that would be barred under a Rule 403 analysis.

Additionally, consistent with the Court's ruling on the record, the Court **GRANTS** Defendant's request to elicit testimony about Plaintiff's employment after her termination from Mastronardi, but only to the extent that it pertains to her efforts to mitigate damages. Defendant is cautioned that questions regarding Plaintiff's subsequent employment should be narrowly tailored to avoid a mini-trial on issues not before this jury and that would be barred under a Rule 403 analysis.

**IT IS SO ORDERED.**

Dated: October 23, 2026
Detroit, Michigan

s/Brandy R. McMillion
BRANDY R. MCMILLION
United States District Judge